**ALFRED S. FRANK, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 27870. Promulgated May 28, 1929.

*Alfred S. Frank, Esq.*, pro se.
*J. L. Backstrom, Esq.*, for the respondent.

**OPINION.**

Van Fossan: We do not deem it essential to this decision to decide whether or not Brown was an employee of a political subdivision of the State of Ohio. Brown is not the petitioner. We have before us the partner, Frank, who claims that the mantle of immunity which might shield Brown as to income paid to him also protects the partner in so far as his distributive share of the partnership proceeds represents a division of the salary paid to Brown and turned in by him to the partnership. With this contention we can not agree.

Section 1211 of the Revenue Act of 1926 provides:

Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by him as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.

Though this section deals primarily with refunds, it seems clear that Congress contemplated that the immunity be personal to the person receiving the same "as compensation for personal services as an officer or employee of any State or political subdivision thereof * * *." We believe this section to be merely enunciatory of the general rule of law covering the scope of the immunity afforded the employees of one government from taxation by another. Here Brown's salary was paid into the partnership and indiscriminately mixed with funds received from other sources. A decision as to the legal effect of such a commingling as to Brown's income is not pertinent here, but to extend immunity to the share of the partnership income received by petitioner would be stretching the doctrine beyond reason or precedent. Frank was at no time an employee of the District. He received no income therefrom. It would do violence both to the language and spirit of the Act and to the general rule of law to relieve him from the tax in question.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MARQUETTE, SMITH, and GREEN concur in the result.